# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**WILLIAM C. CARPER,**
**Claimant Below, Petitioner**

**FILED**

November 6, 2020
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 19-0820** (BOR Appeal No.2053610)
(Claim No. 2019002477)

**S&S ENTERPRISES, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner William C. Carper, by Counsel Reginald D. Henry, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). S&S Enterprises, LLC, by Counsel Jordan E. Martin and T. Jonathan Cook, filed a timely response.

The issue on appeal is compensability of the claim. On August 15, 2018, the claims administrator rejected the claim. The claims administrator issued Corrected Orders on October 5, 2018, and October 10, 2018, stating that Berkley Net did not have jurisdiction to enter the prior respective Order. The Workers' Compensation Office of Judges ("Office of Judges") issued a decision dated November 8, 2018, and a Corrected Decision dated November 21, 2018, which affirmed the August 15, 2018, claims administrator Order denying Mr. Carper's application for benefits. This appeal arises from the Board of Review's Order dated August 16, 2019, in which the Board of Review affirmed the November 8, 2018, and November 21, 2018, decisions of the Office of Judges.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Carper completed an Injured Worker Accident Statement on July 23, 2018, indicating he was injured while working as an HVAC installer. He stated that he was using a saw while cutting a wall on a ladder when he experienced numbness in his hands and arms, as well as chest pains. He was treated by Faiga Muhmud, M.D., at Patient First-Lake Ridge for chest pain on July 24, 2018. The records indicate that he began experiencing left-sided chest pain the day prior after

exertion. An EKG taken was within normal limits. A chest x-ray showed no acute infiltrate. However, the x-ray showed a density over the upper thoracic spine on the lateral view caused by a prominent lateral osteophyte. The diagnosis was chest pain, unspecified. Mr. Carper was referred to the emergency room for cardiac enzymes. It was stated that he would need a cardiac stress test before being cleared to return to work.

Daniel Akers, Ops Manager, completed an Accident Investigation Report for Supervisor on July 25, 2018. Mr. Akers indicated that Mr. Carper was on a ladder using a Saws-All to cut a hole in the wall when the incident occurred. Mr. Akers also indicated that it was not an unsafe act and there were no unsafe conditions. Mr. Akers also stated that it was his belief that Mr. Carper's work was not a contributing cause to his condition.

A Workers' Compensation First Report of Injury of Illness form was completed by Tiffany Kapp, an administrator for the employer. She indicated that the employer was first notified of the injury on July 23, 2018. The form also indicated that Ms. Kapp was contacted regarding the injury affecting Mr. Carper's chest. It listed the specific activity that Mr. Carper was engaged in at the time of the injury as strain or injury by miscellaneous. The form indicated that the "Administrator" was notified on August 1, 2018. A Narrative Note attached to the report stated:

> "EE was cutting with saw on a ladder and his hands went numb and he experience [sic] chest pain. Unknown if EE was performing regular job duties. Unknown if safety protocols were followed. Unknown if safety equipment was provided or used. Witness: Jason Tolbert, title number unknown. The injury was reported immediately. Reported to: Daniel Akers."

It was also noted that on July 20, 2018, "EE asked supervisor about AFLAC disability pay. The witness statement and claimant statement are complete opposite stories. EE complained to his supervisor that his heart hurt and felt weird – possibly health condition, not workplace injury."

An Injured Worker Initial Treatment Note by Juan Salorzano, a co-worker, dated August 14, 2018, indicated that Mr. Carper was having chest pain upon activity. He reported that when he walks his chest feels tight. An EKG and x-ray did not show anything. Mr. Carper was referred to a specialist for evaluation. Mr. Salorzano stated that he discussed the file with the adjuster and stated that his symptoms appear to be related to cardiac issues. It was in his opinion that Mr. Carper's cardiac issues were related to his activities performed at work.

The claims administrator issued an Order on August 15, 2018, rejecting Mr. Carper's application for benefits. The claims administrator stated that it had determined that Mr. Carper had not sustained an injury in the course of and resulting from his employment. Mr. Carper protested the Order. A Corrected Order was issued on October 5, 2018, rejecting the claim and stating that the August 15, 2018, Order had been issued as a result of a mistake and/or clerical error. In the Corrected Order, the claims administrator stated, "To date, Berkley Net has not received a WC-1 Employees' and Physicians' Report of Injury form as required by W. Va. Code § 23-4-1a and 23-4-15. Thus, Berkley Net did not have jurisdiction or authority to issue the August 15, 2018, Order." The claims administrator issued another Corrected Order on October 10, 2018, rejecting the claim

stating that the August 15, 2018, Order had been issued as the result of a mistake and/or clerical error. Mr. Carper protested the decision.

On September 26, 2018, Mr. Carper completed the Employees' and Physicians' Report of Occupational Injury or Disease, indicating that he injured the left side of his chest on July 23, 2018. On October 7, 2018, Dr. Muhmud completed the physician's section of the Employees' and Physicians' Report of Occupational Injury. He listed chest pain on exertion as the diagnosis and indicated that the condition is a direct result of an occupational injury. Dr. Muhmud also indicated that the injury did not aggravate a prior injury or disease.

In an Affidavit dated October 12, 2018, Justin Tolbert, a co-worker, stated that on July 23, 2018, Mr. Carper was supposed to cut two holes in the wall for a return chute, but he left work around 4:30 p.m. after cutting his first hole. Mr. Tolbert indicated that the next morning he observed Mr. Carper leaning against a wall. Mr. Tolbert stated that Mr. Carper left the jobsite to go to the hospital. Although Mr. Carper was supposed to stay at the hospital overnight, he did not have the money to pay for it and left after his initial treatment. Mr. Tolbert advised that Mr. Carper did not make any complaints or act out of the ordinary on the day of the incident.

Mr. Carper testified at an expedited hearing on October 12, 2018, that he had worked for the employer as an HVAC installer for five years. He stated that at the time of the injury he was using a Saws-All that jerks and vibrates and that the left side of his chest started hurting and his arms became numb. Mr. Carper further testified that he had never been to a physician or emergency room for cardiovascular complaints before this incident occurred.

The Office of Judges issued a decision dated November 8, 2018, affirming the claims administrator's August 15, 2018, Order, which denied the claim for an alleged occupational injury. The Office of Judges concluded that Mr. Carper did not establish by a preponderance of the evidence that he sustained an injury in the course of and resulting from his employment. The Office of Judges reasoned that there is no evidence indicating that the work he was performing at the onset of his chest pain was unusual or extraordinary. The Office of Judges concluded that the record is insufficient to determine whether Mr. Carper's chest pain is musculoskeletal, cardiac, or the result of some other etiology. On August 16, 2019, the Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed the Office of Judges' decision.

After review, we agree with the decision of the Office of Judges, as affirmed by the Board of Review. The evidence of record demonstrates that Mr. Carper failed to prove by a preponderance of the evidence that he sustained a work-related injury. Simply because he alleged that he developed chest pain while at work does not mean that his chest pain is compensable. Mr. Carper did not meet his burden of proving that he sustained a work-related injury in the course of and resulting from his employment.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: November 6, 2020**

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison